IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT _UNALASKA_

CITY OF UNALASKA,

      Plaintiff(s),

vs.

NATIONAL UNION FIRE INSURANCE COMPANY,

      Defendant(s).

CASE NO. _____3UN-21-_67_ CI

**SUMMONS
AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT**

To Defendant: NATIONAL UNION FIRE INSURANCE COMPANY,

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at (address): P.O. Box 245, Unalaska, AK 99685 within 20 days* after the day you receive this summons.

In addition, a copy of your answer must be sent to:
 Plaintiff's attorney or plaintiff (if unrepresented): Brooks Chandler
 Address: Chandler, Falconer, Munson & Cacciola, LLP
    911 W 8th Avenue, Suite 302, Anchorage, Alaska 99501

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at https://public.courts.alaska.gov/web/forms/docs/tf-955.pdf, to inform the court.

-OR-

If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

To Plaintiff and Defendant

This case has been assigned to Judge Herman Walker Jr

(SEAL)

   CLERK OF COURT

3\24\21
Date

By: Rebecca ____
  ~~Deputy~~ Clerk

*The state or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 (10/17)(cs)
SUMMONS
        Civil Rules 4, 5, 12, 42(c), 55

Brooks W. Chandler
AK Bar No. 8310109
bchandler@bcfaklaw.com
Samuel C. Severin
AK Bar No. 0606035
sseverin@bcfaklaw.com

Attorneys for City of Unalaska

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT UNALASKA

| | |
|---|---|
| CITY OF UNALASKA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 3UN-21-_007_ CI |
| NATIONAL UNION FIRE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## DEMAND FOR JURY TRIAL

Plaintiff, City of Unalaska, by and through Boyd, Chandler, Falconer & Munson, LLP, hereby demands a jury trial in the above-captioned matter.

DATED this 24th day of March, 2021.

            BOYD, CHANDLER, FALCONER &
            MUNSON, LLP

            By: s/s <u>Brooks W. Chandler</u>
             Brooks W. Chandler, AK Bar No. 8310109
             Samuel C. Severin, AK Bar No. 0606035

**BOYD, CHANDLER, FALCONER, & MUNSON, LLP**
911 W. 8th Avenue, Suite 302
Anchorage, Alaska 99501
(907) 272-8401   Fax (907) 274-3698

DEMAND FOR JURY TRIAL
*City of Unalaska vs. National Union Fire Insurance Co.*, 3UN-21-_007_ CI     Page 1 of 1

Case 3:21-cv-00096-SLG   Document 1-1   Filed 04/15/21   Page 2 of 13   Exhibit A p. 2 of 13

Brooks W. Chandler
AK Bar No. 8310109
bchandler@bcfaklaw.com
Samuel C. Severin
AK Bar No. 0606035
sseverin@bcfaklaw.com

Attorneys for City of Unalaska

FILED in the DISTRICT COURT
for the State of Alaska at Unalaska

MAR 2 2 2021

Clerk of Court

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT UNALASKA

| | |
|---|---|
| CITY OF UNALASKA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NATIONAL UNION FIRE INSURANCE ) <br> COMPANY, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 3UN-21-____ CI |

# COMPLAINT

Plaintiff the City of Unalaska ("City" or "Unalaska") pleads and alleges as follows:

## PRELIMINARY STATEMENT

1. This action is for breach of contract and declaratory relief arising out of the refusal of National Union Fire Insurance Company ("Defendant") to provide insurance coverage under a Government Crime insurance policy providing coverage to the City of Unalaska.

2. AIG Claims, Inc. ("AIG Claims") is the authorized representative of National Union Fire Insurance Company of Pittsburgh, PA., ("National Union"), the insurer which

COMPLAINT
*City of Unalaska vs. National Union Fire Insurance Co.*, 3UN-21-____ CI      Page 1 of 11

Case 3:21-cv-00096-SLG   Document 1-1   Filed 04/15/21   Page 3 of 13

Exhibit A p. 3 of 13

BOYD, CHANDLER, FALCONER, & MUNSON, LLP
911 W. 8th Avenue, Suite 302
Anchorage, Alaska 99501
(907) 272-8401  Fax (907) 274-3698

issued a Government Crime Policy to Alaska Public Entity Insurance (the "Insured") under Policy No. 01-194-44-48 with effective dates of July 1, 2019 to July 1, 2020 (the "Policy").

3. Endorsement # 24 names the City of Unalaska as an Additional Named Insured.

4. The Policy specifically provides Crime coverage for losses resulting from "Computer Fraud."

5. The City was the victim of crime and computer fraud in which certain employees in the City's finance department were deceived by fraudulent emails from perpetrators forged to appear as if they were coming from a legitimate vendor, Northern Alaska Contractors, LLC ("NAC").

6. The City purchased the Policy for its intended purpose - to protect the City against precisely the type of loss it has now incurred as a result of computer fraud. Despite the fact that the City paid its premiums, gave prompt notice of the computer fraud to Defendant, and cooperated fully and completely with Defendant, Defendant refused to cover the loss, leaving an uninsured loss of $537,861.67.

**PARTIES AND JURISDICTION**

7. Plaintiff Incorporates herein by reference paragraphs 1-6 as if each is set forth fully herein.

8. Unalaska is an Alaskan municipal corporation located in Unalaska, Alaska and is in all ways qualified to maintain this action.

9. Defendant National Union Fire Insurance Company (National Union) is a Pennsylvania Insurance Company. Upon information and belief, it was at all times pertinent to

BOYD, CHANDLER, FALCONER, & MUNSON, LLP
911 W. 8th Avenue, Suite 302
Anchorage, Alaska 99501
(907) 272-8401  Fax (907) 274-3698

COMPLAINT
*City of Unalaska vs. National Union Fire Insurance Co.*, 3UN- 21-____ CI         Page 2 of 11

Case 3:21-cv-00096-SLG   Document 1-1   Filed 04/15/21   Page 4 of 13   Exhibit A p. 4 of 13

this Complaint authorized to and conducting business in the State of Alaska. Upon information and belief, it is a member, affiliate, or subsidiary of AIG Claims.

10. The amount in controversy exceeds $100,000, exclusive of costs and interest.

11. Pursuant to AS 22.10.020(g), this court has jurisdiction to declare the rights and legal relations of an interested party to an actual controversy.

12. Jurisdiction and venue are proper in this court pursuant to AS 22.10.020 and Rule 3 of the Alaska Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

13. Plaintiff incorporates herein by reference paragraphs 1-12 as if each is set forth fully herein.

### A. The Policy

14. The Policy is for "Government Crime" and is also described on the policy form as "Crime and Fidelity." The Policy replaces policy number 01-351-57-67. The "named insured" includes Alaska Public Entity Insurance ("APEI") and the City of Unalaska. The policy is written using a standard ISO form.

15. The premium charged was $30,372. The declarations page identifies insurance limits as $1,000,000 with deductibles of $25,000 separately for each "Insuring Agreement." There are nine "Insuring Agreements." Each "Insuring Agreement" covers a specified type of loss.

16. The relevant insuring agreements or endorsements include Insuring Agreement A.3., Forgery or Alteration; Insuring Agreement A.7. Computer Fraud; Endorsement # 6 for "faithful performance" and Endorsement # 25, Impersonation Fraud Coverage.

COMPLAINT
*City of Unalaska vs. National Union Fire Insurance Co.*, 3UN-21-____ CI     Page 3 of 11

Case 3:21-cv-00096-SLG   Document 1-1   Filed 04/15/21   Page 5 of 13    Exhibit A p. 5 of 13

17. Insuring Agreement A.7. is the "Computer Fraud" insuring agreement. That agreement states:

> We will pay for loss of or damage to "money", "securities" and "other property" resulting directly from the use of any computer to fraudulently cause a transfer of that property from inside the "premises" or "banking premise" to a person (other than a messenger) outside those premises or to a place outside those premises":
> a.   To a person (other than a "messenger") outside those "premises"; or
> b.   To a place outside those "premises".

**B. The City Suffered a Loss of $2,985,406.10 as a Direct Result of Computer Fraud.**

18. On March 4, 2019, Northern Alaskan Contractors ("NAC") issued invoice 2019-033 to the City of Unalaska for $17,550. The invoice identifies the email address for NAC as northernmechanical@gmail.com.

19. NAC is the current name of a business formerly known as Alaska Mechanical. The company is a regular City vendor.

20. On April 11, 2019 at 9:19 a.m., City Accounts Payable Assistant Rowena Gulanes turned on her computer and opened her City email account.

21. In the email "in box" residing on the City's computer server was an email which purported to be from the accountant for NAC, using an email address of glenn.olson@nac-rocks.com. The email stated:

> We have changed the method of receiving payments for our invoices from checks to electronic payment. Can you send me your ACH/EFT form to send you our banking information for our payments. Thank you.

22. This fraudster identified themselves as Glenn Olson, accountant. The fraudster used the correct business address for NAC's Anchorage office, the correct telephone and fax numbers for NAC and referenced a website www.nac.rocks.

23. On April 11 at 11:00 a.m., Ms. Gulanes emailed the fraudster stating:

> At this point I'll forward your email to my supervisor Jen VanDeventer. She does all City wires.

24. On April 11 at 11:12 p.m., Ms. Van Deventer sent the fraudster an email stating:

> Good Morning Glenn, I have attached an ACH form for you to fill out. Once you return it to me we will do a pre note and after 10 days if everything comes back clear we can then ACH payments.

25. On April 11 at 12:35 p.m., the fraudster sent an email stating "Please find completed ACH form," presumably attaching the form.

26. The form is dated April 11, 2019 and identifies a Citibank account located in New York with routing and account numbers ("the Citibank Account"). There is a photo of a check with these routing and account numbers which most likely was included with the attached form.

27. On Thursday April 11 at 7:19 a.m., the fraudster sent an email to city employee Jayvie Fernandez stating:

> Hello Accounts Payable Can you send me the last payment you made to us. The amount and date.

28. Ms. Fernandez forwarded this request to Rowena Gulanes at 8:07 a.m. on April 11. Ms. Gulanes replied to the fraudster on April 11 at 8:28 a.m. She said:

> Good morning Glenn! I attach the copy of the check that we mailed last Friday, 5th of Apr. Then this afternoon I'm printing the check for inv#2019-032.

COMPLAINT
*City of Unalaska vs. National Union Fire Insurance Co.*, 3UN- 21- O 7 CI                                   Page 5 of 11

29. On April 12, Ms. Gulanes emailed the fraudster stating:

> The check for Inv#2019-032 is ready... Do you want us to mail this check or ... you rather pick-up this check here at the 2nd floor?

30. On April 12 at 9:38 a.m. the fraudster replied "Go ahead and mail the check. Thanks for your help."

31. Later, on April 12, the fraudster sent Ms. Gulanes an email stating:

> We have updated the method of receiving payments from CHECKS to ELECTRONIC PAYMENTS and we already filled out your ACH form. Can you process this payment electronically?

32. In reply, also on April 12 Ms. Van Deventer told the fraudster:

> Unfortunately it is a 10 day wait before we can start to ACH payments. We have to do a pre note with our bank and once that comes back clear we can start to ACH.

33. A KeyBank Payment Detail Report dated April 12 at 5:33 PM and an ACH Payment Confirmation of the same date confirms issuing a $0.00 credit to the account number included on the ACH form completed by the fraudster with a "value date" of April 15.

34. On April 16 at 10:43 a.m., the fraudster emailed Ms. Van Deventer stating:

> This is to confirm the pre note. ACH Electronic Credit of $0.00 was posted on 4/15/2019.

35. On April 18 at 6:45 p.m., Ms. VanDeventer emailed the fraudster stating:

> I spoke to our controller and we can start to ACH payments with next weeks check run. The one check we have for you was already in for a check and we couldn't reverse it.

36. On May 7, Director of Public Works Tom Cohenour approved NAC invoice 2019-033. Payment of the approved amount was made electronically to the Citibank Account on May 14. Two other NAC invoices were paid electronically on the same day. Additional

COMPLAINT
*City of Unalaska vs. National Union Fire Insurance Co.*, 3UN-21-___ CI    Page 6 of 11

Case 3:21-cv-00096-SLG   Document 1-1   Filed 04/15/21   Page 8 of 13   Exhibit A p. 8 of 13

electronic payments were made to the Citibank Account purported to be NACs on June 17 ($654,365.90), June 24 ($887,805.10) and July 9 ($1,419,485.10).

37. On July 10, NAC's accountant called the City to inquire why NAC had not been paid in months. After further discussions, the City discovered the fraud. NAC had never requested to be paid by ACH.

38. Comptroller Cat Hazen completed an Affidavit of Fraudulent Transaction." Under "Type of Fraud" she checked a box for "Unauthorized On-Line Banking Transaction". The definition adjacent to this category on the Affidavit states:

> The owner(s) of an account allege that an unauthorized transaction was initiated from/to their account via On-Line Banking or VRU/telephone transfer, into/from an account in which they have no ownership interest.

39. On the same day, Ms. Hazen completed an FBI complaint form. In the Description of the Incident section of the form she checked the box labeled "Spoofed Email" and again indicated the ACH request "came from someone posing as N.A.C."

40. As a direct result of the computer fraud, payments were issued totaling $2,985,406.10. The City received recovery in the amount of $2,347,544.43 leaving a net loss of $637,861.67.

## THE DENIAL OF COVERAGE

41. Plaintiff incorporates herein by reference paragraphs 1-40 as if each is fully set forth herein.

42. The claim was formally submitted to National Union and AIG Claims by the City on November 5, 2019 by completing a Proof of Loss form and accompanying cover letter. Coverage was sought under the four "insuring agreements" set forth in paragraph 16 above.

COMPLAINT
*City of Unalaska vs. National Union Fire Insurance Co.*, 3UN- 21-____ CI  Page 7 of 11

43. On November 26, National Union, through AIG Claims, accepted coverage under Endorsement 25 for Impersonation Fraud Coverage. This Endorsement has a coverage limit of $100,000 and a deductible of $25,000.

44. This limit and deductible appear in paragraphs 4 and 5 of the endorsement on page 49 of the Policy. This differs from the limits and deductibles for insuring agreements 1-9 (all of which are $1,000,000 with a $25,000 deductible) which are clearly and prominently displayed on the very first page of the Policy. It also differs from the limits applicable to Endorsements 6, 7, and 14 which are also prominently displayed at the very beginning of the endorsement. The limit of liability under Endorsement 21 ($1,000,000) and Endorsement 23 ($250,000) is identified in similar fashion to Endorsement 25.

45. National Union, through AIG Claims, issued a check in the amount of $100,000 on November 27, 2019 leaving Unalaska citizens with an uninsured loss of $537,861.67 ("the Loss").

46. The November 26 AIG Claims response failed to discuss coverage under Insuring Agreements 3 and 7. On December 3, the City sent AIG Claims a letter requesting a coverage determination under these two insuring agreements.

47. AIG Claims responded on December 16, 2019. Regarding Insuring Agreement 7, "Computer Fraud," The AIG response stated:

> The Computer Fraud Insuring Agreement is also not triggered. This claim does not directly involve the use of any computer to fraudulently cause a transfer of property from inside the premises to a person or place outside the premises. In this case the Insured relied on fraudulent instructions provided in an e-mail. There was no hacking of the Insured's computer system. Therefore, as an employee of the Insured followed those instructions to issue payment there was no computer fraud.

COMPLAINT
*City of Unalaska vs. National Union Fire Insurance Co.*, 3UN-21-___ CI   Page 8 of 11

## First Cause of Action: Breach of Contract

48. Plaintiff incorporates herein by reference paragraphs 1-47 as if each is fully set forth herein.

49. The Policy is a valid and binding contract between the City and National Union Fire Insurance. AIG Claims has wrongly asserted that the Policy does not cover the City's computer fraud loss.

50. The terms of the policy provide that National Union "will pay for loss of or damage to money...resulting directly from the use of any computer to fraudulently cause a transfer of that property from inside the "premises" or "banking premise" to a person...outside those premises... or to a place outside those premises"

51. The Loss resulted directly from an off-premises computer sending emails to a computer on the City's premises to fraudulently cause the City the transfer its funds from its premises or banking premises to a person or place outside the city's banking premises or premises.

52. The City transferred money to the fraudulent bank account as a direct result of the fraudulent emails received by the City purporting to be from NAC.

53. The City would not have transferred the funds to the fraudulent bank accounts in the absence of the fraudulent computer emails. The purpose of the emails was to cause the City to transfer funds to the fraudulent accounts.

54. Alternatively, to the extent that any of the terms, conditions or exclusions of the Policy are ambiguous, these terms, conditions and exclusions must be construed in favor of the insured, City of Unalaska.

COMPLAINT
*City of Unalaska vs. National Union Fire Insurance Co.*, 3UN-21-○7 CI                  Page 9 of 11

Case 3:21-cv-00096-SLG   Document 1-1   Filed 04/15/21   Page 11 of 13 Exhibit A p. 11 of 13

BOYD, CHANDLER, FALCONER, & MUNSON, LLP
911 W. 8th Avenue, Suite 302
Anchorage, Alaska 99501
(907) 272-8401   Fax (907) 274-3698

55. The City has fully performed its obligations under the Policy, including all conditions precedent.

56. National Union breached the Policy by refusing to indemnify the City for the Loss.

57. As a result of National Union Fire Insurance's breach of the Policy, the City suffered damages in the amount of $537,861.67 ($637,861.67 total unrecovered loss, less $100,000 paid by National Union).

### Second Cause of Action: Declaratory Relief

58. Plaintiff incorporates herein by reference paragraphs 1- 57 as if each is fully set forth herein.

59. Pursuant to the terms of the Policy, National Union is obligated to pay the City, up to the $1,000,000 limit of liability, for the loss of 'money" resulting directly from the use of any computer to fraudulently cause a transfer of that property from inside the "premises" or "banking premise" to a person (other than a messenger) outside those premises or to a place outside those premises.

60. As detailed above, the facts of the Claim come within the Computer Fraud provisions of the Policy and its other terms and conditions.

61. There are no exclusions in the Policy that bar coverage for this Claim.

62. AIG Claims and National Union dispute that National Union has a legal obligation to pay the Claim

63. Pursuant to AS 22.10.020(g), this court has jurisdiction to declare the rights and legal relations of an interested party to an actual controversy

BOYD, CHANDLER, FALCONER, & MUNSON, LLP
911 W. 8th Avenue, Suite 302
Anchorage, Alaska 99501
(907) 272-8401  Fax (907) 274-3698

COMPLAINT
*City of Unalaska vs. National Union Fire Insurance Co.*, 3UN- 21- 07 CI

64. An actual controversy has arisen between City and National Union with respect to the existence of coverage under the Government Crime Policy. The City has asked for coverage for the Loss and defendant National Union contends that there is no coverage under the Policy for the Loss.

65. The City is entitled to a declaration that there is coverage for the Loss under the Policy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, City of Unalaska, prays for relief as follows:

(a) Plaintiff requests that the Court enter judgment against National Union Fire Insurance, awarding Plaintiff damages in the amount of $537,861.67, plus all consequential damages, to the extent permitted by law;

(b) Plaintiff requests that this Court enter a Declaratory Judgment in favor of the City against National Union Fire Insurance which declares that National Union Fire Insurance is obligated to pay the City, up to the applicable limits of the Policy, for the Claim; and

(c) Plaintiff requests an award of attorney's fees, costs and prejudgment interest; and

(d) Plaintiff requests such other relief that this Court deems equitable, just or proper under the circumstances.

DATED this 22nd day of March, 2021.

BOYD, CHANDLER, FALCONER & MUNSON, LLP

By: s/s <u>Brooks W. Chandler</u>
Brooks W. Chandler, AK Bar No. 8310109
Samuel C. Severin, AK Bar No. 0606035

COMMPLAINT
*City of Unalaska vs. National Union Fire Insurance Co.*, 3UN-21-___ CI    Page 11 of 11

Case 3:21-cv-00096-SLG   Document 1-1   Filed 04/15/21   Page 13 of 18   Exhibit A p. 13 of 13

BOYD, CHANDLER, FALCONER, & MUNSON, LLP
911 W. 8th Avenue, Suite 302
Anchorage, Alaska 99501
(907) 272-8401  Fax (907) 274-3698